UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**LOURDES DEL ROSARIO FONTANILLAS-LOPEZ,**

    Plaintiff,

       v.

**MOREL BAUZA CARTAGENA & DAPENA LLC, ET AL,**

    Defendants.

CIV. NO. 12-1206(PG)

## OPINION AND ORDER

Before the court is the defendants' motion for attorney fees (Docket No. 98, the plaintiff's response (Docket No. 103) and the defendants' reply thereto (Docket No. 106). For the reasons explained below, the court **GRANTS IN PART** the defendants' request.

### I. BACKGROUND

On March 23, 2012, plaintiff Lourdes del Rosario Fontanillas Lopez (hereinafter "Plaintiff" or "Fontanillas"), along with her parents Mildred Milagros Lopez and Luis Alfredo Fontanillas,[1] filed the above-captioned claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"), against Plaintiff's former employer Morell, Bauzá, Cartagena & Dapena ("MBCD" or "the Firm") and individual defendants Pedro Antonio Morell ("Morell"), Antonio Bauzá ("Bauzá"), Edgardo Cartagena ("Cartagena"), Ramon E. Dapena ("Dapena"), and Lourdes M. Vázquez ("Vázquez") (collectively referred to as "Defendants"). The Plaitniff alleged she was the victim of discrimination on the basis of gender, a hostile work environment and retaliation for engaging in protected conduct. See Docket No. 1. The Plaintiff also invoked supplemental jurisdiction over her state law claims under several statutes.

On February 7, 2014, the court granted Defendants' motion for summary judgment and dismissed Plaintiff's claims under Title VII with prejudice, and the supplemental state law claims without prejudice. See Docket No. 94. Having

---

[1] Mildred Milagros Lopez and Luis Alfredo Fontanillas requested the dismissal with prejudice of their claims and partial judgment was entered accordingly on November 9, 2012, see Docket No. 33.

prevailed, the Defendants now seek to recover the attorney fees and costs incurred in their defense of Plaintiff's claims. See Docket No. 98. The Plaintiff opposed their motion arguing that the settlement negotiations that took place evince that her claim was not unfounded, frivolous or otherwise unreasonable; that the amount requested is excessive; and, that the request is inadequately documented. See Docket No. 103. The Defendants replied in turn. See Docket No. 106.

## II. DISCUSSION

### A. Attorney Fees

#### 1. Fee Entitlement

Per the so-called "American Rule," litigants must generally bear their own attorney fees and costs. See Christiansburg Garment Co., v. EEOC., 434 U.S. 412, 415 (1978); Bercovitch v. Baldwin School, 191 F.3d 8, 10 (1st Cir. 1999). However, Congress has created an exception for prevailing parties in 42 U.S.C. § 1983 and Title VII cases, authorizing the award of attorney fees as part of the costs. 42 U.S.C. §§ 1988 and 2000e-5(k); see also Christiansburg Garment Co., 434 U.S. at 422; Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 326 (D.P.R. 2003). Insofar as this was an action under Title VII, the relevant statute provides that:

> [i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee … as part of the costs, … .

42 U.S.C. § 2000e-5(k).

"[A]n award of fees in favor of a prevailing plaintiff in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing defendant is the exception.'" Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 235-236 (1st Cir.2010) (citing Casa Marie Hogar Geriatrio v. Rivera Santos, 38 F.3d 615, 618 (1st Cir.1994)); see also Irving v. Town of Camden, No. 12-1850, 2013 WL 7137518, at *1 (1st Cir. April 17, 2013). "The Supreme Court has held in a Title VII employment discrimination case that attorney's fees may not be awarded to a prevailing defendant unless there is a 'finding that the plaintiff's action was frivolous, unreasonable, or without foundation' or that 'plaintiff continued to litigate after it clearly became so.'" Bercovitch, 191 F.3d at 10 (citing Christiansburg Garment Co., 434 U.S. at 421)). See also Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983) ("A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."). Notwithstanding, the

Supreme Court has cautioned district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co., 434 U.S. at 421-422.

In the case at hand, the Defendants clarify in their reply that their request for attorney fees is not grounded on the argument that the Plaintiff's suit was frivolous from the beginning. Instead, the Defendants contend that it became clear once discovery ensued that the Plaintiff's claim held no water. See Docket No. 106 at page 2 n. 1. Hence, the Defendants only seek to recover the attorney fees incurred for the work performed after they sent the Plaintiff a letter pursuant to Rule 11 of the Federal Rules of Civil Procedure.[2] See id.

When considering the reasonableness of a plaintiff's decision to continue to litigate after a claim has clearly become frivolous, unreasonable or groundless as the basis for an attorney fees award, the First Circuit has held that a court must find, at a minimum, that "following the filing of the claim, circumstances changed to such an extent that a reasonable person could not help but conclude that the claim was no longer viable." Lamboy-Ortiz, 630 F.3d at 242. "Such a change would include, for example, the receipt of evidence in the course of discovery establishing a complete defense, or a development in the controlling law that foreclosed the claim." Id. In the course of this analysis, however, "[g]reat caution must be taken in assessing whether a claim 'clearly' became untenable prior to the close of suit because of the particular danger of hindsight logic." Id. at 241.

The complaint in this case contained allegations stating that the Plaintiff was the victim of sex discrimination and retaliation in violation of Title VII on the part of the Defendants. After discovery commenced, the Defendants requested that Plaintiff voluntarily dismiss her Title VII claims against the individual co-defendants during a status conference held on

---

[2] The court, under certain conditions, may impose an appropriate sanction upon the attorney, law firm, or party that has violated subdivision (b) of Federal Rule of Civil Procedure 11, which provides for sanctions when claims are frivolous or are brought for an improper purpose. See Fed.R.Civ.P. 11. Rule 11 "imposes on any party who signs a pleading, motion, or other paper … an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 551 (1991). "Rule 11(b) proscribes not only written arguments made with any improper purpose, but also advancing frivolous arguments, as well as the assertion of factual allegations without evidentiary support or the likely prospect of such support." Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 32 (1st Cir.2009) (internal citations and quotation marks omitted).

CIV. NO. 12-1206(PG)                                                    Page 4

December 18, 2012. See Docket No. 36. The court granted the Plaintiff until January 15, 2013 to do so. Id. However, the deadline elapsed and Plaintiff failed to move for such a dismissal. The individual co-defendants were thus forced to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure insofar as it is clearly-established law that there is no individual employee liability under Title VII. See Docket No. 41.

Shortly after granting the dimissal of these claims, see Docket No. 53, the court met with the parties and discussed the content of several motions for sanctions that were on record. During the course of this conference on April 5th, 2013, the court expressed its dissatisfaction with Plaintiff's litigation tactics and threatened her with sanctions. See Docket No. 54.

After the conclusion of discovery proceedings, the Defendants filed a motion for summary judgment on July 26, 2013. See Docket No. 63. The court notes that the arguments set forth of this motion are indeed very similar to the content of the Rule 11 letter the Defendants sent to the Plaintiff seven months earlier and now attach to their motion for attorney fees, see Docket No. 98-2. After careful review, the court later discussed the merits of the pending motion for summary judgment with the parties during a pre-trial conference held on September 24th, 2013. The court forewarned the Plaintiff of the possibility that her claims be summarily dismissed and that attorney fees be awarded to the Defendants upon dismissal. See Docket No. 84. And although the court encouraged the parties to entertain a settlement transaction that would put an end to the litigation before the court engaged in the time-consuming effort of rendering an opinion and order on the pending motion, their efforts proved fruitless. Instead, the Plaintiff attempted to bypass this court's instructions and filed a motion requesting the dismissal with prejudice of her claims without the imposition of costs and attorney fees, see Docket No. 86, before formally rejecting the Defendants' proposed stipulation of dismissal, see Docket No. 88. However, she knew all too well that the Defendants were unwilling to have her claims be dismissed and waive the possibility of recovering attorney fees. Yet she proceeded anyways. See Docket No. 89.

Upon learning of the Defendants' opposition to have her claims be dismissed on such terms, the court denied the Plaintiff's request for voluntary dismissal, see Docket No. 90, and eventually granted the Defendants' motion for summary judgment, see Docket No. 94. In fact, the court found that

the Plaintiff was unable to establish a prima facie case of either discrimination based on sex or retaliation under Title VII. See id.

When determining if the Plaintiff here continued to litigate her suit beyond the point when it clearly became frivolous, unreasonable or without foundation, the court must acknowledge that the survival of summary judgment "has some value in determining whether a claim was or became unreasonable or without foundation." Lamboy-Ortiz, 630 F.3d at 242.

> Where fees are sought by a prevailing defendant against an unsuccessful plaintiff in a civil rights case, one relevant factor will often be whether the plaintiff succeeded in making out a prima facie case — a circumstance which may well prompt a reviewing tribunal to ask whether the plaintiff's case withstood summary judgment and/or directed verdict motions.

Foster v. Mydas Associates, Inc., 943 F.2d 139, 144 (1st Cir.1991). On the opposite hand, most cases that would warrant an award of attorney's fees in favor of a prevailing defendant - those that are truly frivolous, unreasonable, or without foundation - will not survive summary judgment. See Lamboy-Ortiz, 630 F.3d at 242.

Here, Fontanillas was duly apprised that her claims were devoid of any merit in the Rule 11 letter the Defendants sent her after taking her deposition. Not only was her own deposition testimony regarding her claims found to be lacking, but also, "a reasonable amount of legal research should have alerted [plaintiff's] counsel to the implausibility of success on the merits of any of her claims." Bluestein v. Central Wisconsin Anesthesiology, S.C., 769 F.3d 944, 957 (7th Cir.2014) (finding district court did not abuse discretion in award of attorney fees in favor of prevailing defendant in discrimination claims brought under Title VII, the Americans with Disabilities Act (ADA), and the Rehabilitation Act). In fact, her failure to survive summary judgment bore directly on the merits, or the lack thereof, of her claims. Plaintiff was simply unable to raise a genuine issue of material fact on her claims of sex discrimination and retaliation. See Docket No. 94.

In light of the foregoing discussion regarding the procedural bakground of this case, the court finds that the Plaintiff continued to vexatiously and unreasonably litigate a claim that, after the taking of her deposition, had clearly become frivolous and without foundation. Therefore, an award of fees in favor of Defendants is appropriate.

CIV. NO. 12-1206(PG)                                                    Page 6

### 2. Lodestar Calculation

Two defense attorneys have submitted fee applications: Ms. Rosangela O. Sanfilippo-Resumil and Mr. Raymond E. Morales-Ortiz. To determine a reasonable amount of attorney fees, the "lodestar" method is ordinarily the starting point for determining the amount of a fee award … ." Diaz v. Jiten Hotel Management, Inc., 741 F.3d 170, 173 n. 1 (1st Cir.2013) (citations and quotation marks omitted omitted). "The lodestar is the product of the hours reasonably worked times the reasonable hourly rate(s)." Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 86 (1st Cir.2014) (citation and quotation marks omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case … ." De Jesus Nazario v. Morris Rodriquez, 554 F.3d 196, 207 (1st Cir.2009). "It also may adjust the lodestar itself, upwards or downwards, based on any of several different factors, including the results obtained and the time and labor actually required for the efficacious handling of the matter." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir.2008). After calculating the time counsel for the prevailing party reasonably expended on the case, the judge should multiply these hours by the "prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (citations omitted). "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel." Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir.2011) (citations omitted).

#### *a. Hourly Rate*

The court will first determine the appropriate hourly rate for the attorneys on record who represented the Defendants in this case. On the one hand, Ms. Sanfilippo requests an hourly rate of $185.00. She submitted a declaration from a capital partner at the law firm where she works evincing she has approximately ten (10) years of experience as a practicing attorney specializing in labor and employment matters. See Docket No. 106-2. On the other hand, Mr. Morales, an attorney with thirty-three (33) years of experience, requests a rate of $150.00 per hour. See Docket No. 106-1.

CIV. NO. 12-1206(PG) Page 7

In her opposition, the Plaintiff recognizes attorney Morales' expertise in labor matters, see Docket No. 103 at page 4, but complains of attorney Sanfilippo's rate.[3]

The lodestar method requires that the hourly rate used by the court be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Tejada-Batista, 263 F.Supp.2d at 327 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "In reaching its determination, the court may rely upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005) (citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989)).

The Plaintiff does not challenge the reasonableness of counsel Morales' hourly rate of $150.00. The court finds that the rate he charged is appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable experience and expertise. See Rodriguez-Garcia v. Municipality of Caguas, 787 F.Supp.2d 135 (D.P.R. 2011) (appropriate hourly rates for calculating attorney fee award in civil rights action in Puerto Rico for attorneys with over thirty years of experience were $250 for in-court time, and $225 for out-of-court time). On the other hand, attorney Sanfilippo is not such a seasoned attorney as is Mr. Morales, and yet is charging $35.00 more per hour for her work, which in this case is the larger share of the hours charged by a significant margin. The court will thus equate her hourly rate to that of attorney Morales, to wit, $150.00. See, e.g., Guillemard–Ginorio v. Contreras, 603 F.Supp.2d 301 (D.P.R.2009) (finding reasonable hourly rate of $155 for attorney 10 years of experience).

### b. Number of Hours

In their motion, attorney Morales is charging for a total of 27.75 hours, and attorney Sanfilippo states she invested a total of 450 hours See Docket No. 98 at page 10. Before making any adjustments, the court approvingly notes that the number of hours is only a fraction of the total amount of work the attorneys dedicated to this litigation insofar as they only account for hours billed after they sent Plaintiff the Rule 11 letter in December of 2012, nine months after the case was filed and well-into discovery proceedings.

---

[3] The Plaintiff also pointed out at that the Defendants' attorneys had not provided any basis for their award in order to place the court in a position to determine the appropriate market rates for each. See Docket No. 103 at page 5. Nevertheless, these shortcomings were rectified in their reply. See Docket No. 106.

CIV. NO. 12-1206(PG)                                                    Page 8

Now, having carefully reviewed itemized invoices submitted by Defendants' attorneys, we find the amount of hours logged and the work performed by attorney Morales were reasonable. However, the court deems the hours charged by attorney Sanfilippo in the performance of some tasks to be at times excessive and require some downward adjustments.

For example, in our calculations, Sanfilippo dedicated a total of 239.75 hours to the motion for summary judgment, doing either legal research or drafting it. See Docket No. 99-2. That figure is the equivalent of six weeks of full-time work (assuming forty hours per week). In addition, it also stems from her supporting documents that she spent a total of 131.25 hours working on a "motion to strike/reply" after the filing of the motion for summary judgment. Id. This figure, in turn, is the equivalent of over three weeks of full-time work. The court believes the time spent on these filings is excessive, especially considering she asserts she has been "practicing labor and employment law, almost exclusively, for the past ten (10) years," see Docket No. 106 at page 5 n. 6.

As a result, the court finds that a reduction in the total hours she billed is warranted and will reduce the amount of hours she seeks fees for by 120 hours (or three weeks of full-time work in our estimation), for a total of 330 hours instead.

In sum, having ascertained the number of hours productively expended on this litigation and multiplying that times the reasonable hourly rate, the court now finds that the Plaintiff is liable to the Defendants in the amount of $4,162.50 for attorney Morales's fees ($150.00 times 27.75 hours) and $49,500.00 for attorney Sanfilippo's fees ($150.00 times 330 hours), for a **total of $53,662.50** (a $29,587.50 reduction of the total award sought).

**B. Bill of Costs**

The Defendants have also filed a Bill of Costs (Docket No. 96), which the Plaintiff opposed in her response to the Defendants' motion for attorney fees. Rule 54(d)(1) of the Federal Rules of Civil Procedure states, in relevant part, as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. … The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

CIV. NO. 12-1206(PG)                                                    Page 9

Fed.R.Civ.P. 54(d)(1). In accordance with this rule as well as Rule 54 of the Local Rules of the District of Puerto Rico, the issue of costs is **REFERRED** to the Clerk of the Court.

### III. CONCLUSION

For the reasons stated above, this Court hereby **GRANTS IN PART** Defendants' motion for attorney fees (Docket No. 98) and awards them **$53,662.50** in attorney fees. The Clerk of Court **SHALL** tax costs as it deems appropriate pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54 of the Local Rules of the District of Puerto Rico.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 18, 2014.

                                            S/ JUAN M. PEREZ-GIMENEZ
                                            JUAN M. PEREZ-GIMENEZ
                                            U.S. DISTRICT JUDGE