UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LOURDES DEL ROSARIO FONTANILLAS-LOPEZ,**<br><br>    Plaintiff,<br><br>        v.<br><br>**MOREL BAUZA CARTAGENA & DAPENA LLC, ET AL,**<br><br>    Defendants. | CIV. NO. 12-1206(PG) |

### OMNIBUS OPINION AND ORDER

Before the court are the plaintiff's motion for reconsideration of this court's order granting attorney fees (Docket No. 140) and plaintiff's motion to alter the judgment in favor of defendants (Docket No. 142). For the reasons explained below, the court **DENIES** both requests.

### I. BACKGROUND

On March 23, 2012, plaintiff Lourdes del Rosario Fontanillas Lopez (hereinafter "Plaintiff" or "Fontanillas"), along with her parents Mildred Milagros Lopez and Luis Alfredo Fontanillas,[1] filed the above-captioned claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"), against Plaintiff's former employer Morell, Bauza, Cartagena & Dapena ("MBCD" or "the Firm") and individual defendants Pedro Antonio Morell ("Morell"), Antonio Bauza ("Bauza"), Edgardo Cartagena ("Cartagena"), Ramon E. Dapena ("Dapena"), and Lourdes M. Vazquez ("Vazquez") (collectively referred to as "Defendants"). See Docket No. 1. On February 7, 2014, the court granted Defendants' motion for summary judgment and dismissed with prejudice Plaintiff's claims of gender discrimination, hostile work environment and retaliation under Title VII. See Docket No. 94. Plaintiff's supplemental state law claims were dismissed without prejudice. See id. Judgment was entered on the same date. See Docket No. 95.

Having prevailed, the Defendants sought to recover the attorney fees and costs incurred. See Docket No. 98. Despite the Plaintiff's opposition, the

---

[1] Mildred Milagros Lopez and Luis Alfredo Fontanillas requested the dismissal with prejudice of their claims and partial judgment was entered accordingly on November 9, 2012. See Docket No. 33.

court found in Defendants' favor on November 18, 2014, and granted them $53,662.50 in attorney fees. See Docket No. 109.

On December 16, 2014, the Plaintiff filed motions for reconsideration of this court's grant of summary judgment and attorney fee award in favor of Defendants. However, both motions were stricken from the record as both considerably exceeded the amount of pages the local rules allow, see Docket No. 136. The Plaintiff thus refiled her requests and the Defendants timely opposed.

## II. STANDARD OF REVIEW

### A. Rule 59 and Rule 60

A party may seek to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure so long as the motion is filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The rule, however, "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12, 27 (1st Cir.2014). The First Circuit Court of Appeals has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Ocasio-Hernandez v. Fortuño-Burset, 777 F.3d 1, 9 (1st Cir.2015) (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.2014)). Notwithstanding, the court's "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly." Ira Green, Inc., 775 F.3d at 27 (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir.2006)).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30. Also, "a Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures' or to 'introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC, 794 F.3d 200, 208 (1st Cir.2015) (citing Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997)).

Now, "[i]t would appear in general that the grounds for relief from judgment under Rule 60(b) may also be grounds for a new trial under Rule 59,

CIV. NO. 12-1206(PG)                                                    Page 3

if the motion is timely made." Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir.1993) (internal citations omitted). However, "[m]otions served after twenty-eight days are considered pursuant to Rule 60(b)." Mena-Valdez v. E.M. T-Shirts Distributors, Inc., 878 F.Supp.2d 357, 360 (D.P.R. 2012) (citing Perez–Perez, 993 F.2d at 284). A motion for relief of a judgment, order, or proceeding under Rule 60(b) may be grounded on the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"'[R]elief under Rule 60(b) is extraordinary in nature and [ ] motions invoking that rule should be granted sparingly.'" Nansamba v. North Shore Medical Center, Inc., 727 F.3d 33, 37 (1st Cir.2013) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)). The party seeking relief under Rule 60(b) must demonstrate "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir.2009) (citations omitted).

CIV. NO. 12-1206(PG) Page 4

### III. DISCUSSION

**A. Motion for Reconsideration under Rule 59**

The Plaintiff requests that this court reconsider its order awarding attorney fees to the prevailing Defendants. According to Plaintiff, the fees awarded to "Morell Bauza Cartagena & Dapena LLC for the work performed by its employee [attorney] Sanfilippo [was] unwarranted as the same constitute[sic] a request for an award to a pro se attorney litigant, expressly prohibited by the Supreme Court in Kay v. Ehrler, 499 U.S. 432 (1991) … ."[2] Docket No. 140 at page 2. According to the Plaintiff, no proof was submitted evincing the fees arrangement between attorney Sanfilippo and the co-defendant she represented, namely, Lourdes M. Vazquez. Plaintiff suggests that the lack thereof fails to establish whether Vazquez actually incurred in the costs of a legal representation. In addition, the Plaintiff points out that it stems from the time sheets Sanfilippo submitted that she spent a great deal of her time meeting with the members of co-defendant Morel Bauza Cartagena & Dapena LLC, as opposed to her own client. The Plaintiff's position thus is that because the defendant-firm was self-represented, it should not have been awarded attorney fees pursuant to the Supreme Court's decision in Kay.

In Kay, the Supreme Court held that a pro se litigant who also happens to be a lawyer is not entitled to attorney's fees under 42 U.S.C. § 1988. See Kay, 499 U.S. at 436. Notwithstanding, as accurately pointed out by the Defendants in their opposition (Docket No. 153), footnote 7 of the Supreme Court's opinion states as follows:

> Petitioner argues that because Congress intended organizations to receive an attorney's fee even when they represented themselves, an individual attorney should also be permitted to receive an attorney's fee even when he represents himself. **However, an organization is not comparable to a pro se litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship.**

Kay, 499 U.S. at 436 at n. 7 (emphasis ours). Therefore, "the Supreme Court made crystal clear … that the exception for individual plaintiffs who represent themselves does not apply to *organizations*." Baker & Hostetler LLP v. U.S. Dept. of Commerce, 473 F.3d 312, 325 (C.A.D.C. 2006) (holding law firm that represented itself in Freedom of Information Act suit against Department of Commerce was eligible for attorney fee award under Act insofar as firm was

---

[2] The Plaintiff does not contest the $4,162.50 award in connection with attorney Raymond Morales' legal representation, see Docket No. 109 at page 8.

not an individual plaintiff representing itself, which would have rendered it ineligible for fee award). "In explaining that organizations may recover fees when represented by in-house counsel, the Supreme Court did not distinguish between law firms and other types of organizations." Id.; see also Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp., 236 F.3d 214, 218-19 (5th Cir. 2000) ("[W]hen an organization is represented by an attorney employed by the organization, the attorney has a status separate from the client."); Bond v. Blum, 317 F.3d 385, 400 (4th Cir. 2003) ("Though representation of a law firm by one of its members presents an increased risk of emotional involvement and loss of independence, the law firm still remains a business and professional entity distinct from its members, and the member representing the firm as an entity represents the firm's distinct interests in the agency relationship inherent in the attorney-client relationship."); Treasurer v. Goding, 692 F.3d 888, 898 (8th Cir. 2012) ("[W]here an attorney represents his or her own firm, Kay does not forbid the award of attorneys' fees. We agree that there is no meaningful distinction between a law firm and any other organization on the issue of whether there exists an attorney-client relationship between the organization and its attorney.").

In the case at hand, attorney Sanfilippo clearly did not appear on her own behalf, and even if her work effectively benefitted the law firm that was sued and for which she works, the Defendants are still entitled to the reasonable fee award this court calculated for her work.

In support of her Rule 59 motion, the Plaintiff also claims that this court based its attorney fee award on the "hindsight logic" the Supreme Court cautioned against in Christiansburg v. EEOC, 434 U.S. 412 (1978). In her attempt to persuade the court, the Plaintiff's new counsel of record[3] recreates the procedural and substantive history of this case in a unique light that is unfamiliar to the undersigned, despite having presided over the above-captioned claim since its advent. Therefore, the court finds that the Plaintiff failed to make out the required showing of manifest error of law or newly discovered evidence that would justify relief under Rule 59.

Finally, in her request that this court reconsider its order awarding attorney fees to the Defendants, Plaintiff also advances arguments related to the merits of her claims. The Opinion and Order and the judgment dismissing

---

[3] In December of 2014, attorneys Ruben Nigaglioni and Monica Vega filed motions to withdraw as Plaintiff's attorneys of record. See Dockets No. 129, 133. Plaintiff's new attorney, Roberto Marquez Sanchez, first appeared on her behalf on December 16, 2014.

CIV. NO. 12-1206(PG)                                                    Page 6

the Plaintiff's federal claims on the merits were both entered on February 7, 2014. See Dockets No. 94-95. Pursuant to Rule 59, she had twenty-eight days thereafter to bring a motion under Rule 59 regarding the merits of her claims. As a result, these arguments are belated.

In light of the foregoing, the Plaintiff's motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure is hereby **DENIED.**

**B. Motion for Reconsideration under Rule 60**

Plaintiff also requests that this court reconsider its order dismissing her Title VII discrimination and retaliation claims under Rule 60 of the Federal Rules of Civil Procedure. See Docket No. 143.

The Plaintiff first ground of relief is fraud, both under Rule 60(b)(3) and 60(d)(3). The allegations of fraud Fontanillas makes reference to in support of her request are twofold. First, she asserts that the Defendants falsely denied an allegation in the complaint regarding the Christmas bonuses awarded to her male counterparts in the Tax Department of the Firm. See Docket No. 143 at pages 7-9. Plaintiff supports this allegation by attaching the bank account statement of one co-worker showing a deposit on or around the date in question. This "bad faith denial," Plaintiff asserts, adversely interfered with her ability to prove her case.

Next, the Plaintiff contends that the statements under penalty of perjury that Defendants and their witness submitted in support of the motion for summary judgment contained false assertions and/or misstatements known to them. See Docket No. 143 at pages 9-15. Specifically, the Plaintiff attacks the statements under penalty of perjury from Roxana Cruz, who was a witness that appeared in favor of the Defendants describing a confrontation she had with the Plaintiff during the course of a business transaction. Plaintiff also posits that the statements from co-defendants Bauza, Dapena and Vazquez were riddled with misrepresentations and falsities, which she attempts to disprove with assertions of her own.

"To set aside a verdict for fraud under Rule 60(b)(3), a litigant must present the district court with clear and convincing evidence that the claimed fraud ... occurred, — that is, that the statement was made and was fraudulent — and prove that any alleged fraud substantially interfered with the litigant's ability fully and fairly to prepare for, and proceed at, trial … ." Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 135 (1st Cir.2005) (internal quotation marks and citations omitted). In light of this standard, the court finds that Plaintiff's theory does not meet the required thresholds

CIV. NO. 12-1206(PG)                                                    Page 7

and is far from watertight. Even assuming the statements under penalty of perjury submitted by the Defendants in support of their motion for summary judgment deviated from the truth, they could not inhibit Plaintiff from fully and fairly preparing her case. "[C]ommon sense suggests that [she] easily could have discovered any misstatements and laid bare the facts prior to the entry of judgment." Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir.2002).

The same is the case with her theory about the Christmas bonuses awarded to her and her male colleagues. "[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 29 (1st Cir.1988). Therefore, Plaintiff's request under Ruile 60(b)(3) must be **DENIED.**

Now, where as Rule 60(b)(3) allows relief on motion for fraud or misconduct *by an opposing party*, Rule 60(d) gives the court power to entertain an independent action to relieve a party from a judgment, order, or proceeding, or set aside a judgment for fraud *on the court*. See Fed. R. Civ. P. 60(d). This provision "requires 'an unconscionable scheme or the most egregious conduct designed to corrupt the judicial process' … ." Irving v. Town of Camden, No. 12-1850, 2013 WL 7137518, at *1 (1st Cir. April 17, 2013) (citing Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir.2005)). "The First Circuit has held that a claim alleging fraud on the court ultimately requires 'clear and convincing evidence that the claimed fraud occurred.'" Greater Omaha Packing Co. Inc. v. Fairbank Reconstruction Corp., No. 2:13-cv-436-GZS, 2014 WL 4723083, at *10 (D.Me. September 23, 2014) (citing Roger Edwards, 427 F.3d at 135). "Bribery of a judge or counsel exerting improper influence on the Court are frequently cited as examples of qualifying conduct." Greater Omaha Packing, 2014 WL 4723083 at *9 (citing Roger Edwards, 427 F.3d at 133).

However, the First Circuit has consistently found that perjury alone has never been sufficient basis for an independent attack upon a valid and final judgment. See George P. Reintjes Co., Inc. v. Riley Stoker Corp., 71 F.3d 44, 48-49 (1st Cir.1995) (citations omitted). "The possibility of perjury, even concerted, is a common hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination, and, where warranted, motion for relief from judgment to the presiding court." Reintjes, 71 F.3d at 49. See also Aetna Casualty & Surety Co. v. Abbott, 130 F.2d 40,

CIV. NO. 12-1206(PG)                                                        Page 8

43–44 (4th Cir.1942) ("it is well settled that [a conspiracy between plaintiff and his witnesses to present perjured testimony] constitutes no ground" upon which court could deny enforcement of judgment in an independent proceeding). In light of the foregoing, the Plaintiff's request for relief under Rule 60(d) also fails.

   The Plaintiff also moves to set aside the judgment pursuant to Subsection (1) of Rule 60(b). The Plaintiff points out several "mistakes" the court made in its evidentiary rulings and application of law that resulted in the dismissal of her Title VII claims. See Docket No. 143 at pages 15-19. To wit, the Plaintiff asserts this court incurred in the following errors: considered inadmissible character and hearsay evidence; disregarded Plaintiff's statement under penalty of perjury; applied the anti-ferret doctrine against the Plaintiff but not against Defendants; ignored witnesses that Plaintiff had "announced to support her claims," id. at page 18; ignored material factors deserving significant weight and relied on improper factors; erred in deciding that the "de facto demotion claim was waived," id. at page 19; erred in analyzing whether Defendants' proferred non-discriminatory reasons for Plaintiff's termination were pretextual.

   After careful review, this court finds that Plaintiff's motion falls short of the required showing of exceptional circumstances that justify relief under Rule 60. Plaintiff's request simply rehashes arguments from her opposition to the motion for summary judgment, and alternatively, advances theories that could have been set forth for the court's consideration a that procedural juncture. Nor does Plaintiff bring to our attention any intervening change in law or introduce new evidence that was unavailable when the motion for summary judgment was filed. For the most part, Plaintiff simply protests various portions of this court's Opinion and Order dismissing her claim.

   "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, … , nor is it a mechanism to regurgitate old arguments previously considered and rejected … ." Biltcliffe, 772 F.3d at 930 (quotation marks omitted) (citing Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir.2006); Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990)). Rule 60(b) "was not intended to benefit an unsuccessful litigant who, long after time during which appeal from final judgment could have been perfected, first seeks to express dissatisfaction,

CIV. NO. 12-1206(PG)                                                                       Page 9

since this Rule was not intended to afford a substitute for an appeal." Geigel v. Sea Land Service, Inc., 44 F.R.D. 1, 2 (D.P.R. 1968) (citation omitted).

The court rejects Plaintiff's attempt to relitigate matters already decided by this court, and thus, **DENIES** her request for relief under Rule 60(b)(1).

Finally, the Plaintiff makes a passing reference to Rule 60(b)(6) in her request that this court set aside its dismissal of her Title VII claims. "Because Rule 60(b)(6) is a catch-all provision, its contours are peculiarly malleable." Ungar v. Palestine Liberation Organization, 599 F.3d 79, 84 (1st Cir.2010) (citation omitted).

> To balance the "competing policies" of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party.

Bouret-Echevarria v. Caribbean Aviation Maintenance Corp., 784 F.3d 37, 43 (1st Cir.2015) (citing Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir.1992)). Other than filing her motion for reconsideration within one year of the dismissal of her claim, the Plaintiff failed to establish any of the other relevant factors. As a result, her request fails on these grounds as well.

### IV. CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's motion for reconsideration (Docket No. 140) and motion for relief from judgment (Dockets No. 142-143).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 30, 2015.

                                            S/ JUAN M. PEREZ-GIMENEZ
                                            JUAN M. PEREZ-GIMENEZ
                                            U.S. DISTRICT JUDGE